PER CURIAM.
By this interlocutory appeal, the appellant-petitioner, seeks review of an order and judgment awarding attorneys’ fees and costs to the respondents in an action for condemnation.
The respondent, Thelma P. Webster, is the owner in fee of certain property; Causeway Marina, Inc., was the lessee, and International Marine and Development Corporation was the sub-lessee. The petitioner instituted a condemnation suit against the owner, naming also the lessee and sub-lessee. The jury verdict was in favor of the respondents in the amount of $375,000.00. The final judgment in that action provided that the money be paid to the owner, lessee, and sub-lessee. That judgment was not objected to by any party. The court retained jurisdiction in its final judgment to determine the rights of the owner and lessees, mortgagees, judgment creditors, lienholders, and other claimants in respect to the compensation for the land; upon stipulation by separate order attorneys’ fees were awarded to the respondent, Webster. Thereafter, apportionment proceedings were instituted and motion for attorneys’ fees in connection therewith by all appellees, including Webster. The apportionment proceedings resulted in a settlement between the parties with court approval. Then, a hearing on the attorneys’ fees was held, at which the three respondents presented evidence of fees incurred but the petitioner did not present any evidence at all. The petitioner had been made a party to the motions for attorneys’ fees. The trial court awarded attorneys’ fees to all respondents’ counsel. The petitioner then brought this interlocutory appeal.
The appellant contends that the trial court erred in two basic respects: First, that the award of attorneys’ fees for the appellees, Causeway and International, was beyond the court’s jurisdiction since not awarded pursuant to and at the end of a trial; and second, that the second award of attorneys’ fees to the attorneys for the appellee, Webster, was erroneous.
As to the first point, the appellant contends that Causeway and International should receive fees from appellee Webster for their services in the apportionment aspect of attorneys’ fees representing their client as lessee and sub-lessee of the condemned parcel. Appellant reasons that at the trial hereof, the court ruled that the only issue for the jury was the matter of compensation for the parcel to the fee *574 owners as a complete package. The court, however, deferred ruling on the issue of interest of the lessee and sub-lessee. It follows that these interests needed protection by counsel and counsel was awarded fees for this. The appellant does not argue the fee was unreasonable. We find no error in this regard.
The procedure followed did result in the award of a double fee to the attorney for the fee owner, Webster. The question presented then is may a court award two fees to the same interest in a land condemnation proceeding. The record reveals that the first order taxing costs and assessing attorney’s fees recites as follows: “ . . . the parties have agreed and the court finds and determines the following to be reasonable attorneys’ fees for the above named defendant for her representation in this cause: . . . ” Thereafter appears an award of $36,000. Inasmuch as the original award was for the full representation of the fee owner and the court reserved no jurisdiction to make a further award, the matter as to the fee for the appellee Webster was determined at that time. The trial court had placed the fee owner in a favorable position of being able to conduct the trial as though there were no encumbrances on the property and thereupon awarded the fee owner its attorney’s fee for such work. Subsequently, it was without jurisdiction to award an additional fee to the same fee owner for the services of her attorney in contesting the amount to be apportioned to the lien holders.
Thereupon, the judgment appealed is affirmed in part and reversed in part by striking therefrom the words:
“ . . .in favor of respondent Thelma P. Webster’s attorneys, Gerald T. Weatherington and Kurtz & Cooper, and against City of Miami Beach, a Florida municipal corporation, in the sum of $8,000.00, together with costs in the sum of $2,656.50, for a total judgment of $10,656.50, which sum said petitioner is directed to pay; . . . ”
Affirmed in part and reversed in part.